David D. Deason (SBN 207733)
e-mail: David@yourlaborlawyers.com
Matthew F. Archbold (CA SBN 210369)
e-mail: Matthew@yourlaborlawyers.com
DEASON & ARCHBOLD
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Telephone: (949) 794-9560

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VERDIN, MIGUEL ALCANTAR, MARK SARKIS, TODD BOOTH, DERRICK BOYKINS, GERMAN CABALLERO, SAMUEL CHO, JONATHAN DELGADILLO, JEREMY DUNCAN, DAN FOURNIER, RODRIGO LOPEZ, JASON MALIK, THOMAS PENSON, HEATHER AMY, FREDDY ARROYO, JACK BLANCHARD, RALPH BROWN, EDWARD CASTRO, JOSE CHAVEZ, ALICIA CRUZ SAINT-JAMES, ERIC DIRKSEN, SHAWN GREGORY, MICHAEL HARRINGTON, HUMBERTO IRIGOYEN, JOHN KLINE, GARY KOBA, CRAIG KOJIMA, DOUGLAS MCCOMBS, MICHAEL MONTOYA, ROBERTO MORALES, RUBEN MORENO, MICHAEL NEIGHBORS, ALEX POZO, CHRISTOPHER RUIZ, DAVID CRAIG, TERRY RUPPEL, JR., | Case No.: 2:24-cv-8892<br><br>[COLLECTIVE ACTION PURSUANT TO 29 USC §216(b)]<br><br>**COMPLAINT FOR DAMAGES** |

1

COMPLAINT FOR DAMAGES

| | |
|---|---|
| STEPHEN WINTER, MICHAEL MATSUDA, GEORGE MEJIA and SHUJI YAMADA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF LOS ANGELES; and DOES 1 through 10, inclusive, | ) ) ) |
| Defendants. | ) ) ) |

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "constitution, laws or treaties of the United States; specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.,* ("FLSA").

## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District and Plaintiffs and Defendant each reside/operate businesses within this district.

## PARTIES

3. The above-captioned Plaintiffs are all currently or formerly employed by Defendant City of Los Angeles as sworn police officers.

4. Defendant, CITY OF LOS ANGELES ("CITY" or "Defendant"), is a political subdivision of the State of California located within California and is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. § 207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

////

5.  Each of the DOES 1 through 10, inclusive, is so named because Plaintiffs does not know their true names and/or capacities at this time.  Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

6.  Plaintiffs are informed and believe, and on the basis of such information and belief, allege that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment.  Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged were proximately caused by such defendants.

7.  The defendants, and each of them, save and except Defendant CITY, which is sued as an entity, are sued in their individual and official capacities.

8.  The acts of defendants were in accordance with, and represent the official policy of, Defendant CITY or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

9.  Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## COLLECTIVE ACTION ALLEGATIONS

10. This is a collective action pursuant to FLSA, 29 U.S.C. § 216(b) brought by individual and representative Plaintiffs, on behalf of themselves, and all others similarly situated, against his current employer. Plaintiffs and putative collective action members (all putative members hereinafter referred to collectively as "Collective Action Members") seek recovery for violations of federal overtime provisions as a result of Defendant's actions in not timely compensating Plaintiffs and Collective Action Members all of their overtime compensation by not

including their Education Incentive pay into their regular rate of pay when calculating overtime due.  All such employees are similarly situated under the FLSA, 29 U.S.C. § 216(b).

11. This action is brought under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages, attorney's fees and costs of suit.

## STATEMENT OF FACTS

12. Plaintiffs worked in different divisional assignments throughout the City of Los Angeles, but each Plaintiff qualified for, and received, a biweekly Education Incentive.

13. The Education Incentive is a fixed, biweekly payment of either $190 for an Associate's Degree, or $290.00 for a Bachelor's Degree from an accredited college or University.

14. Defendant CITY failed to include this Education Incentive into the regular rate of compensation for Plaintiffs and Collective Action Members when calculating overtime compensation.

15. Plaintiff VERDINE is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 65 hours of overtime per deployment period, and had a regular hourly rate of approximately $78.00/hr.

16. Plaintiff ALCANTAR is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 70 hours of overtime per deployment period, and had a regular hourly rate of approximately $64.55/hr.

17. Plaintiff SARKIS is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 10 hours of overtime per deployment period, and had a regular hourly rate of approximately $52.25/hr.

18. Plaintiff BOOTH is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 130 hours of overtime per deployment period, and had a regular hourly rate of approximately $85.70/hr.

19. Plaintiff BOYKINS is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 40 hours of overtime per deployment period, and had a regular hourly rate of approximately $68.59/hr.

20. Plaintiff CABALLERO is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 30 hours of overtime per deployment period, and had a regular hourly rate of approximately $72.07/hr.

21. Plaintiff CHO is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 120 hours of overtime per deployment period, and had a regular hourly rate of approximately $70.31/hr.

22. Plaintiff DELGADILLO is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 19 hours of overtime per deployment period, and had a regular hourly rate of approximately $68.59/hr.

23. Plaintiff DUNCAN is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 40 hours of overtime per deployment period, and had a regular hourly rate of approximately $71.87/hr.

24. Plaintiff FOURNIER is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 35 hours of overtime per deployment period, and had a regular hourly rate of approximately $85.70/hr.

COMPLAINT FOR DAMAGES

25. Plaintiff LOPEZ is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 70 hours of overtime per deployment period, and had a regular hourly rate of approximately $72.07/hr.

26. Plaintiff MALIK is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 30 hours of overtime per deployment period, and had a regular hourly rate of approximately $75.31/hr.

27. Plaintiff PENSON is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 22.50 hours of overtime per deployment period, and had a regular hourly rate of approximately $80.98/hr.

28. Plaintiff AMY is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 15 hours of overtime per deployment period, and had a regular hourly rate of approximately $69.90/hr.

29. Plaintiff ARROYO is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 70 hours of overtime per deployment period, and had a regular hourly rate of approximately $72.00/hr.

30. Plaintiff BLANCHARD is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 60 hours of overtime per deployment period, and had a regular hourly rate of approximately $77.86/hr.

31. Plaintiff BROWN is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 20 hours of overtime per deployment period, and had a regular hourly rate of approximately $64.66/hr.

COMPLAINT FOR DAMAGES

32. Plaintiff CASTRO is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 20 hours of overtime per deployment period, and had a regular hourly rate of approximately $65.00/hr.

33. Plaintiff CHAVEZ is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 27 hours of overtime per deployment period, and had a regular hourly rate of approximately $76.08/hr.

34. Plaintiff CRUZ SAINT-JAMES is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 7.5 hours of overtime per deployment period, and had a regular hourly rate of approximately $67.70/hr.

35. Plaintiff DIRKSEN is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 30 hours of overtime per deployment period, and had a regular hourly rate of approximately $65.20/hr.

36. Plaintiff GREGORY is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 70 hours of overtime per deployment period, and had a regular hourly rate of approximately $91.97/hr.

37. Plaintiff HARRINGTON is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 80 hours of overtime per deployment period, and had a regular hourly rate of approximately $70.25/hr.

38. Plaintiff IRIGOYEN is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 30 hours of overtime per deployment period, and had a regular hourly rate of approximately $73.80/hr.

COMPLAINT FOR DAMAGES

39. Plaintiff KLINE is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 8 hours of overtime per deployment period, and had a regular hourly rate of approximately $63.00/hr.

40. Plaintiff KOBA is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 100 hours of overtime per deployment period, and had a regular hourly rate of approximately $74.34/hr.

41. Plaintiff KOJIMA is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 20 hours of overtime per deployment period, and had a regular hourly rate of approximately $66.15/hr.

42. Plaintiff MCCOMBS is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 24 hours of overtime per deployment period, and had a regular hourly rate of approximately $70.00/hr.

43. Plaintiff MONTOYA is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 60 hours of overtime per deployment period, and had a regular hourly rate of approximately $87.14/hr.

44. Plaintiff MORALES is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 15 hours of overtime per deployment period, and had a regular hourly rate of approximately $69.46/hr.

45. Plaintiff MORENO is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 15 hours of overtime per deployment period, and had a regular hourly rate of approximately $77.90/hr.

46.     Plaintiff NEIGHBORS is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 37.50 hours of overtime per deployment period, and had a regular hourly rate of approximately $73.80/hr.

47.     Plaintiff POZO is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 30 hours of overtime per deployment period, and had a regular hourly rate of approximately $73.73/hr.

48.     Plaintiff RUIZ is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 17.5 hours of overtime per deployment period, and had a regular hourly rate of approximately $86.00/hr.

49.     Plaintiff CRAIG is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 10 hours of overtime per deployment period, and had a regular hourly rate of approximately $87.80/hr.

50.     Plaintiff RUPPEL, JR. is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 27.5 hours of overtime per deployment period, and had a regular hourly rate of approximately $62.34/hr.

51.     Plaintiff WINTER is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 7.0 hours of overtime per deployment period, and had a regular hourly rate of approximately $83.69/hr.

52.     Plaintiff MATSUDA is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 35.0 hours of overtime per deployment period, and had a regular hourly rate of approximately $72.00/hr.

COMPLAINT FOR DAMAGES

53. Plaintiff MEJIA is informed and believes, and thereon alleges that he received the $190.00 Education Incentive during the last three years, and that he worked an average of approximately 67.0 hours of overtime per deployment period, and had a regular hourly rate of approximately $72.00/hr.

54. Plaintiff YAMADA is informed and believes, and thereon alleges that he received the $290.00 Education Incentive during the last three years, and that he worked an average of approximately 50 hours of overtime per deployment period, and had a regular hourly rate of approximately $70.00/hr.

55. Defendant knew or should have known that it failed to timely compensate Plaintiffs with all of their overtime due. These Education Incentives have been available to LAPD officers for years, are specifically required to be paid under the applicable MOU, and Defendant has made no effort whatsoever to correct their conduct. The systemic and pervasive nature of this failure to properly calculate each Plaintiffs' rate of overtime compensation, clearly indicates that the delay is Defendant's policy and practice.

56. Defendant sat idly by, and knowingly failed to provide lawful compensation. Plaintiffs are informed and believe, and thereon allege, that at all times set forth herein, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about the FLSA. Plaintiffs are informed and believe that Defendant willfully, knowingly and intentionally failed to comply with the FLSA.

## FIRST CAUSE OF ACTION
## FOR WILLFUL VIOLATION OF 29 U.S.C. § 207
### (Against All Defendants for Failure to Pay Overtime)

57. Plaintiffs reassert and reallege paragraphs 1 through 56, inclusive, as if fully set forth and incorporates said paragraphs herein by reference.

58. Defendant has either recklessly, or knowingly and intentionally, failed and refused to compensate Plaintiffs for all of their overtime compensation

by failing to include their Education Incentives into their regular rate of pay when calculating overtime compensation.

59. Pursuant to 29 U.S.C. §207(e) the "regular rate" of compensation for purposes of determining an employee's overtime rate "…shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee,…." This "remuneration" includes Education Incentives such as those paid to Plaintiffs and Collective Action Members.

60. While there do exist some narrow exclusions to remuneration which must be included in the "regular rate," "(c) Only the statutory exclusions are authorized. It is important to determine the scope of these exclusions, since all remuneration for employment paid to employees which does not fall within one of these seven exclusionary clauses must be added into the total compensation received by the employee before his regular hourly rate of pay is determined." 29 CFR § 778.200(c). The Education Incentives paid to Plaintiffs and Collective Action Members do not fall under any statutory exclusion.

61. Although Defendant was apprised of the law regarding the payment of hours covered by the FLSA, Defendant failed to timely compensate Plaintiffs, and Collective Action Members, with all of their overtime compensation.

62. In doing all the things described and alleged herein, Defendant deprived Plaintiffs, and Collective Action Members, of the rights, privileges and immunities secured to them by federal law which clearly sets forth that their Education Incentive remuneration must be included in their "regular rate" of pay when calculating overtime due. Defendant knew or should have known that their reckless and/or willful and intentional failure and refusal to pay for the overtime worked in a timely manner violated these rights, privileges and immunities.

63. As a direct and proximate result of Defendant's actions and inactions, Plaintiffs, and Collective Action Members, were not compensated for all their overtime hours worked at the proper overtime rates of pay in a timely fashion, and

COMPLAINT FOR DAMAGES

Plaintiffs have been damaged and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their unpaid overtime compensation for the three (3) years prior to the filing of this action, liquidated damages, and attorney fees and costs as required by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants, jointly and severally, as follows:

<u>As to the First Causes of Action</u>

1. Compensatory damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their uncompensated overtime compensation which was erroneously calculated and unpaid for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b).

2. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. 216(b), according to proof;

3. Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

4. Any other relief, including equitable relief, as the Court may deem just and proper.

DATED: October 15, 2024                   DEASON & ARCHBOLD

                                          By: s/ *Matthew F. Archbold*
                                               Matthew F. Archbold
                                               Attorneys for Plaintiffs